DISPOSITION OF JUDGE'S RETIREMENT CONTRIBUTIONS Where a justice or judge having retired and received some retirement benefits on or after May 23, 1974, and then dies and the provisions of 20 O.S. 1102A [20-1102A](B) (1974) do not apply, the accumulated contributions in the retirement fund in excess of the retirement benefits paid must remain in the fund pursuant to 20 O.S. 1103 [20-1103] (1974). The Attorney General has considered your request for an opinion wherein you asked essentially the following question: What disposition, if any, should be made of a justice's or judge's accumulated contributions when he becomes deceased after drawing some judicial retirement benefits which do not equal or exceed the total contributions he has made to the judicial retirement system? Your question requires examination of "The Uniform Retirement System for Justices and Judges", 20 O.S. 1101 [20-1101] (1971) et seq. For purposes of answering your question, we shall also presume (1) the judge or justice expired after May 23, 1974 and (2) that the provisions of 20 O.S. 1102A [20-1102A](B) (1974) concerning survivor benefits do not apply. The pertinent portions of the judicial retirement laws concerning your question are contained in 20 O.S. 1103 [20-1103] (1974), effective May 23, 1974, which states in part as follows: "If a justice or judge shall cease to be a justice or judge of the above-mentioned courts, for any reason, before he has accumulated eight (8) years of accredited service, then all the contributions retained from his salary shall be paid to him or his named beneficiary, or his estate in case of no named beneficiary, and he shall have no further claim against the State of Oklahoma for retirement pay for his services to date. The term 'monthly salary' as herein used means the monthly salary effective pursuant to Oklahoma Statutes 1971." Prior to its amendment in 1974, the above section read in pertinent part as follows (20 O.S. 1103 [20-1103] (1971)): "If a justice or judge shall cease to be a justice or judge of the above-mentioned courts, for any reason, before he has accumulated either (8) years of accredited service or if he dies before receiving any retirement compensation, then the said four percent (4%) retained from his salary shall be paid to him or his named beneficiary, or his estate in case of no named beneficiary, and he shall have no further claim against the State of Oklahoma for retirement pay for his services to date." (Emphasis added) It should be noted that neither form of Section 20 O.S. 1103 [20-1103] dealt specifically with the circumstances of a justice or judge who, having retired, received some retirement benefits and thereafter died. By comparison, see the specific language contained in the Oklahoma Employees Retirement Act in 74 O.S. 915A [74-915A](3) (1974). "(3) Upon death of a retirant, there shall be paid to his beneficiary an amount equal to the excess, if any, of his accumulated contributions over the sum of all retirement benefit payments made." The effect of the amendment of Section 1103, supra, is that the only circumstances under which accumulated contributions may be returned to the justice or judge or to his beneficiary or estate is where he resigns or otherwise ceases to be a justice or judge prior to accumulating 8 years of accredited service or dies prior to accumulating 8 years of service. The repayment under those circumstances is mandatory. Otherwise, the accumulated contributions must remain in the system for a justice or judge who has accumulated 8 years or more of accredited service will be eligible for retirement upon reaching the appropriate age. See Attorney General's Opinion No. 70-187. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Where a justice or judge having retired and received some retirement benefits on or after May 23, 1974, and then dies and the provisions of 20 O.S. 1102A [20-1102A](B) (1974) do not apply, the accumulated contributions in the retirement fund in excess of the retirement benefits paid must remain in the fund pursuant to 20 O.S. 1103 [20-1103] (1974). (James H. Gray) ** SEE: OPINION NO. 76-199 (1976) **